UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------------------X
ANTHONY SALAZAR, individually and on behalf of all others similarly situated,

                          Plaintiff,

              -against-

HAPPY & PEPE CORP. d/b/a PLANET WINGS and LUIGI PEPE a/k/a LOUIE PEPE,

                         Defendants.
------------------------------------------------------------------------X

CIVIL ACTION NO.

COMPLAINT

Plaintiff Anthony Salazar ("Plaintiff"), individually and on behalf of all others similarly situated, by his attorneys, Katz Melinger PLLC, complaining of the defendants, Happy & Pepe Corp. d/b/a Planet Wings and Luigi Pepe a/k/a Louie Pepe (collectively "Defendants"), respectfully alleges as follows:

### I. Nature of Action, Jurisdiction, and Venue

1. This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. ("FLSA"), the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56(a) *et seq*., and the New Jersey Wage Payment Act, N.J.S.A. 34:11-4.1, *et seq*.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

3. This Court has supplemental jurisdiction over the claims arising under the New Jersey Wage and Hour Law, the New Jersey Wage Payment Act, and New Jersey common law pursuant to 28 U.S.C. § 1367, in that the state law claims are so closely related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct business through their employees, including Plaintiff, within this judicial district.

## II. Parties

5. Plaintiff is an individual residing in the state of New Jersey.

6. At all relevant times, Plaintiff was employed by Defendants as defined by FLSA 29 U.S.C. § 203(e), N.J.S.A. 34:11-56a.1(h), and N.J.S.A. 34:11-4.1(b).

7. Defendant Happy & Pepe Corp. d/b/a Planet Wings ("Planet Wings") is a domestic corporation with its principal place of business located at 93 River Drive Garfield, New Jersey 07026.

8. Defendant Luigi Pepe a/k/a/ Louie Pepe ("Luigi") is an individual residing, upon information and belief, in the state of New Jersey.

9. At all relevant times Luigi was, and still is, an officer, director, shareholder and/or person in control of Planet Wings, who exercised significant control over the companies' operations and had the authority to hire, fire, and discipline employees, set employees' work schedules and conditions of employment, determine the rate and method of payment for employees, and maintain employment records.

10. Upon information and belief, Defendants' revenues are in excess of the minimum required to fall within the jurisdiction of the FLSA.

11. Defendants operate in interstate commerce.

12. All Defendants are subject to suit under the statutes alleged above.

### III. FLSA Collective Action Allegations

13. The First Cause of Action in this Complaint, which arises out of the FLSA, is brought by Plaintiff on behalf of himself and similarly situated persons who were employed since the date three (3) years prior to the filing of this Complaint and who elect to opt-in to this action (the "FLSA Collective Plaintiffs").

14. The FLSA Collective Plaintiffs consist of no less than eight (8) similarly situated current and former employees of Defendants, who work or worked in excess of forty (40) hours per workweek and are victims Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

15. As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed Plaintiff and the FLSA Collective Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA. This policy and pattern or practice includes, *inter alia*, failing to pay employees the applicable overtime rates for all time worked in excess of forty (40) hours per week.

16. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation.

17. Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective Plaintiffs.

18. The FLSA Collective Plaintiffs would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and are locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

## IV. Factual Allegations

19. Plaintiff worked for Defendants as a cook from in or around July 2012 until on or around September 22, 2017.

20. As a cook, Plaintiff's principal job responsibilities included preparing food, chopping vegetables, maintaining inventory of food items, placing orders for food items, and working alongside other cooks employed by Defendants.

21. Plaintiff did not have the authority to hire, fire, or discipline employees, and did not make suggestions or recommendations as to the hiring, firing, or other terms and conditions of the employment of other employees.

22. Luigi retained the sole authority to hire, fire, and discipline employees.

23. From in or around September 2014 until in or around February 2015, Plaintiff regularly worked six (6) days per workweek, as follows: 10:00 a.m. to 10:30 p.m. on Mondays, Wednesdays, and Thursdays; 10:00 a.m. to 11:30 p.m. on Fridays and Saturdays; and 11:00 a.m. to 10:00 p.m. on Sundays, for a total of approximately seventy five and one-half (75.5) hours per workweek.

24. Throughout the aforementioned period, Plaintiff was not afforded meal or rest breaks during his shifts.

25. Between in or around March 2015 and the end of Plaintiff's employment with Defendants, Plaintiff regularly worked at least five (5) days per workweek, as follows: 10:00 a.m. to 10:30 p.m. on Mondays and Wednesdays; 10:00 a.m. to 11:30 p.m. on Thursdays and Fridays; and 11:00 a.m. to 11:00 p.m. on Sundays, with a paid one (1) hour break each workday, for a total of approximately fifty nine (59) hours of work per workweek.

26. From in or around September 2014 until in or around February 2015, Plaintiff was compensated at a rate of $12.00 per hour for all hours worked per workweek.

27. From in or around March 2015 until the end of Plaintiff's employment with Defendants, Plaintiff was compensated at a rate of $13.50 per hour for all hours worked per workweek.

28. Plaintiff and the FLSA Collective Plaintiffs frequently worked in excess of forty (40) hours per week during their employment with Defendants.

29. However, Defendants failed to compensate Plaintiff and FLSA Collective Plaintiffs at a rate of one and one-half times their regular hourly rates of pay for all hours worked in excess of forty (40) hours per workweek.

30. Instead, Defendants compensated Plaintiff and FLSA Collective Plaintiffs at fixed hourly rates for all hours worked per workweek, including all hours worked in excess of forty (40) hours per workweek.

31. Neither Plaintiff nor the FLSA Collective Plaintiffs supervised any employees nor were they employed in an executive, professional, administrative, or outside sales capacities.

32. As a result, Plaintiff and the FLSA Collective Plaintiffs were non-exempt employees under the FLSA and the New Jersey Wage and Hour Law.

33. For some or all the relevant time period, Plaintiff and the FLSA Collective Plaintiffs were required by Defendants to use a punch in/punch out time system to record the hours that Plaintiff and the FLSA Collective Plaintiffs worked each week.

34. Upon information and belief, at all relevant times, Defendants reviewed Plaintiff's and the FLSA Collective Plaintiffs' time cards.

35. Upon information and belief, Defendants used the time cards to calculate the number of hours that Plaintiff and the FLSA Collective Plaintiffs worked each week and to determine Plaintiff's and the FLSA Collective Plaintiffs' weekly compensation.

36. Therefore, Defendants knew or should have known that Plaintiff and the FLSA Collective Plaintiffs were routinely working more than forty (40) hours per week.

37. Despite this knowledge, Defendants failed to pay Plaintiff and the FLSA Collective Plaintiffs their overtime premiums for the hours that they worked over forty (40) per workweek.

38. Defendants' refusal to pay Plaintiff and the FLSA Collective Plaintiffs all wages owed to them is an intentional and willful violation of the federal and state wage and hour laws.

39. Plaintiff and the FLSA Collective Plaintiffs sustained substantial damages from the acts and omissions described herein.

**AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF, INDIVIDUALLY, AND THE FLSA COLLECTIVE PLAINTIFFS**
*(Overtime Violations under the FLSA)*

40. Plaintiff, individually and on behalf of the FLSA Collective Plaintiffs, repeats and realleges all prior allegations set forth above.

41. Pursuant to the applicable provisions of the FLSA, Plaintiff and the FLSA Collective Plaintiffs were entitled to overtime compensation of one and one-half times their regular hourly rates for all hours worked in excess of forty (40) hours per week.

42. Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendants.

43. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs overtime wages of one and one-half times their regular rates for each hour worked in excess of forty (40) hours in a workweek.

44. Instead, Defendants compensated Plaintiff and FLSA Collective Plaintiffs at fixed hourly rates for all hours per workweek, including all hours worked in excess of forty (40) hours per workweek, and failed to provide Plaintiff and FLSA Collective Plaintiffs with overtime premiums.

45. As a result of Defendants' violations of the law and failure to pay Plaintiff and the FLSA Collective Plaintiffs the required overtime wages, Plaintiff and the FLSA Collective Plaintiffs have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

46. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff and the FLSA Collective Plaintiffs are entitled to liquidated damages.

47. Judgment should be entered in favor of Plaintiff and the FLSA Collective Plaintiffs and against Defendants on the First Cause of Action in the amount of their respective unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A SECOND CAUSE OF ACTION**
*(Overtime Violations under the New Jersey Wage and Hour Law)*

48. Plaintiff repeats and realleges all prior allegations set forth above.

49. Pursuant to the applicable provisions of N.J.S.A. 34:11-56(a)(4), Plaintiff was entitled to an overtime hourly wage of one and one-half times his regular hourly rate for all hours worked in excess of forty (40) hours per week.

50. Throughout the relevant time period, Plaintiff regularly worked in excess of forty (40) hours per week during his employment with Defendants.

51. However, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half times his regular rate of pay for each hour worked in excess of forty (40) in a workweek.

52. Instead, Defendants compensated Plaintiff at a fixed hourly rate for all hours worked per workweek, including all hours worked in excess of forty (40) hours per workweek, and failed to provide Plaintiff with overtime premiums.

53. As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all wages due to Plaintiff, along with reasonable attorneys' fees, interest, and costs.

54. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

55. Judgment should be entered in favor of Plaintiff and against Defendants on the Second Cause of Action in the amount of Plaintiff's unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A THIRD CAUSE OF ACTION**
*(Failure to Timely Pay Wages in Violation of New Jersey Wage Payment Law)*

56. Plaintiff repeats and realleges all prior allegations.

57. At all relevant times, Defendants failed to pay Plaintiff the full amount of wages due, including overtime wages, at least twice during each calendar month, on regular pay days designated in advance, in violation of N.J.S.A. 34:11-4.2.

58. Defendants also failed to pay Plaintiff all wages due, including overtime wages, not later than the regular payday for the pay period during which his termination took place, in violation of N.J.S.A. 34:11-4.3.

59. As a result of Defendants' violations of the law and failure to pay Plaintiff all wages due, including overtime wages, in a timely manner, Plaintiff has been damaged and is entitled to recover from Defendants all unpaid wages, along with interest and costs.

60. Judgment should be entered in favor of Plaintiff and against Defendants on the Third Cause of Action in the amount of Plaintiff's unpaid wages, pre- and post- judgment interest, in an amount to be determined by the Court, costs, and such other legal and equitable relief as this Court deems just and proper.

**WHEREFORE** Plaintiff prays for relief as follows:

a) on the First Cause of Action on behalf of Plaintiff and the FLSA Collective Plaintiffs for all overtime wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

a) on the Second Cause of Action for all overtime wages due to Plaintiff, liquidated damages, and reasonable attorney's fees in an amount to be determined by this Court;

b) on the Third Cause of Action for all wages due to Plaintiff;

c) interest;

d) costs and disbursements; and

e) such other and further relief as is just and proper.

Dated: New York, New York
       January 17, 2018

>                         /s/ Adam Sackowitz
>                         Adam Sackowitz
>                         Katz Melinger PLLC
>                         280 Madison Avenue, Suite 600
>                         New York, New York 10016
>                         (212) 460-0047
>                         ajsackowitz@katzmelinger.com
>                         *Attorneys for Plaintiff*