## **SETTLEMENT AGREEMENT AND MUTUAL RELEASE**

This Settlement Agreement and Mutual Release (the "Agreement") is entered into by and between Anthony Salazar ("Salazar"), Margaret Fletcher ("Margaret"), and Rachael Fletcher ("Rachael") (collectively, "Plaintiffs"), on the one hand, and Happy & Pepe Corp. d/b/a Planet Wings ("Planet Wings") and Luigi Pepe a/k/a Louie Pepe ("Pepe") (collectively, "Defendants" and, together with Plaintiffs, the "Parties"), on the other hand:

**WHEREAS**, on or about January 17, 2018, Salazar commenced an action against Defendants entitled *Salazar v. Happy & Pepe Corp. d/b/a Planet Wings, et al.*, 18-cv-729, in the United States District Court for the District of New Jersey (the "Pending Action");

**WHEREAS**, on or about March 9, 2018, Defendants filed an Answer denying all material allegations in the Pending Action;

**WHEREAS**, on or about April 12, 2018, Plaintiffs filed an Amended Complaint, adding Margaret and Rachael as plaintiffs in the Pending Action;

**WHEREAS**, on or about May 11, 2018, Defendants filed an Answer to the Amended Complaint denying all material allegations in the Pending Action;

**WHEREAS**, on June 13, 2018, the Court issued a 60-Day Order administratively terminating the Pending Action based on the Parties' representation that they had agreed in principal to settle the Pending Action (the "60-Day Order");

**WHEREAS**, the Parties desire to resolve the Pending Action and to settle all claims raised in or by the Pending Action, without further litigation or adjudication;

**NOW, THEREFORE, IT IS HEREBY AGREED**, by and between Plaintiffs and Defendants, as follows:

1

1. **No Admission of Liability**. Defendants, as a part of this Agreement, do not admit any violation of any law, including but not limited to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56(a) *et seq.*, and the New Jersey Wage Payment Act, N.J.S.A. 34:11-4.1, *et seq.*, or any liability to Plaintiffs as a result of or arising out of the matters set forth in the Pending Action and/or Plaintiffs' employment with Defendants or separation therefrom.

2. **Consideration**. Within sixty (60) days of the Court's approval of this Agreement, Defendants shall pay to Plaintiffs the total sum of Thirty Seven Thousand Five Hundred Dollars ($37,500.00) (the "Settlement Payment"), as follows:

    a. To Anthony Salazar, the total sum of Eighteen Thousand Four Hundred Twenty Two and 75/100 Dollars ($18,422.75), which shall be made in the following allocations:

        i. One check in the amount of Nine Thousand Two Hundred Eleven and 38/100 Dollars ($9,211.38), less applicable taxes and withholdings, which shall be reported on an IRS Form W-2 as and for unpaid wages; and

        ii. One check in the amount of Nine Thousand Two Hundred Eleven and 37/100 Dollars ($9,211.37), from which no withholdings shall be taken, which shall be reported on an IRS Form 1099 as and for liquidated damages.

    b. To Margaret Fletcher, the total sum of Two Thousand Forty Six and 97/100 Dollars ($2,046.97), which shall be made in the following allocations:

      i. One check in the amount of One Thousand Twenty Three and 49/100 Dollars ($1,023.49), less applicable taxes and withholdings, which shall be reported on an IRS Form W-2 as and for unpaid wages; and

      ii. One check in the amount of One Thousand Twenty Three and 48/100 Dollars ($1,023.48), from which no withholdings shall be taken, which shall be reported on an IRS Form 1099 as and for liquidated damages.

  c. To Rachael Fletcher, the total sum of Four Thousand Ninety Three and 95/100 Dollars ($4,093.95), which shall be made in the following allocations:

      i. One check in the amount of Two Thousand Forty Six and 98/100 Dollars ($2,046.98), less applicable taxes and withholdings, which shall be reported on an IRS Form W-2 as and for unpaid wages; and

      ii. One check in the amount of Two Thousand Forty Six and 97/100 Dollars ($2,046.97), from which no withholdings shall be taken, which shall be reported on an IRS Form 1099 as and for liquidated damages.

  d. To Katz Melinger PLLC, one check in the amount of Twelve Thousand Nine Hundred Thirty Six and 33/100 Dollars ($12,936.33), from which no withholdings shall be taken, which shall be reported on an IRS Form 1099 as and for costs and attorneys' fees.

3. **Delivery of Settlement Payment.** Defendants shall deliver the Settlement Payment to counsel for Plaintiffs, Katz Melinger PLLC, 280 Madison Avenue, Suite 600, New York, New York 10016, within ten (10) days of the date on which counsel for Plaintiffs delivers a copy of this Agreement bearing Plaintiffs' signatures to counsel for Defendants. Should counsel for Plaintiffs receive the

Settlement Payment before the Court issues an Order approving this Agreement, then counsel for Plaintiffs shall hold the Settlement Payment in escrow until the date on which the Court approves this Agreement. Upon the Court's approval of this Agreement, counsel for Plaintiffs may immediately disburse the Settlement Payment.

Should Defendants or their counsel fail to timely deliver the Settlement Payment to counsel for Plaintiffs as described herein ("Default"), then counsel for Plaintiffs shall notify Defendants, through Defendants' counsel, of the Default in writing ("Notice of Default"). The Notice of Default shall be delivered to counsel for Defendants, Mark Tabakman, Esq., via email at [mtabakman@foxrothschild.com](mailto:mtabakman@foxrothschild.com), and via regular mail at Fox Rothschild LLP, Attn: Mark Tabakman, Esq., 49 Market Street, Morristown, New Jersey 07960. Delivery of the Notice of Default to counsel for Defendants by either email or regular mail shall constitute receipt of the Notice of Default by Defendants. Defendants expressly acknowledge and agree that Defendants' failure to timely cure the Default within seven (7) days of receipt of the Notice of Default shall constitute a material breach of this Agreement ("Breach"). In the event of a Breach, Defendants acknowledge that Plaintiffs shall be entitled to a judgment in favor of Plaintiffs and against Defendants in the amount of Forty Five Thousand Dollars ($45,000.00), less any payments made by Defendants under this Agreement, and expressly agree that Plaintiffs shall have the right to request that the Court enter such a judgment against Defendants in the amount of Forty Five Thousand Dollars ($45,000.00) without further notice. Defendants further agree that, in the event of a Breach, Plaintiffs shall also be entitled to recover from Defendants all reasonable attorneys' fees incurred by Plaintiffs as a result of Defendants' Breach of this Agreement, including all efforts by Plaintiffs' counsel to enforce the terms of this Agreement and to enter and

4

enforce a judgment against Defendants related to Defendants' Breach of this Agreement, and may request that the Court include any such award of attorneys' fees in any judgment entered against Defendants.

4. **Indemnification.** Plaintiffs agree to indemnify and hold Defendants harmless against any and all tax liabilities, claims, damages, and costs, including reasonable attorneys' fees, that Defendants may incur as a result of Plaintiffs' failure to pay any taxes on the Settlement Payment. Plaintiffs shall bear no responsibility for or in connection with the failure of any of the Defendants to make any employers' contributions to payroll taxes related to the Settlement Payment.

5. **Non-Disparagement**/~~Limited Non-Disclosure~~**.**  Plaintiffs agree not to make, at any time and to any third party, any false or disparaging remarks, whether oral or in writing (including by electronic transmission or publication on the Internet), about Defendants or their employees, business, operations and/or services. ~~Plaintiffs further agree not to publicize or disclose the existence or terms of this Agreement to the press or media.~~ For purposes of this Agreement, the term "disparage" shall mean remarks, comments, statements, or communications (written or oral) that: (i) reflect adversely on the business affairs or practices of the person being remarked or commented upon; or (ii) impugn the character, honesty, integrity, morality, business acumen or abilities in connection with any aspect of the operation of business of the person being remarked or commented upon. Nothing herein shall preclude Plaintiffs from making accurate statements concerning Plaintiffs' employment with Defendants, the Pending Action and the allegations therein, or this Agreement.

Should any Plaintiff be served with a valid subpoena compelling him or her to

provide testimony in connection with judicial and/or administrative proceedings, said Plaintiff shall notify Defendants, or their counsel, as soon as practical, about the existence of such subpoena. ~~Should any Plaintiff materially breach any provision of this Paragraph 5, then the breaching Plaintiff must immediately repay to Defendants the value of all payments received by said Plaintiff under this Agreement, and shall forfeit any right to future payments under this Agreement.~~

6. **Continuation of the Pending Action.** Upon the Parties' execution of this Agreement, counsel for Plaintiffs shall, jointly with counsel for Defendants, request that the Court extend the 60-Day Order and keep the Pending Action open until the date that is thirty (30) days after the date on which Defendants are required to deliver the Settlement Payment to counsel for Plaintiffs.

7. **Dismissal of Pending Action**. Plaintiffs agree that, upon delivery of the Settlement Payment to counsel for Plaintiffs, Plaintiffs, through their attorneys, shall execute and deliver to counsel for Defendants a Stipulation of Discontinuance with Prejudice of the Pending Action, in the form annexed hereto as Exhibit A, with each party bearing its own fees and costs. Upon receipt, counsel for Defendants may execute and file the Stipulation of Discontinuance with Prejudice with the United States District Court, District of New Jersey, without further notice.

8. **Release by Plaintiffs.** In consideration for the promises and actions of Defendants set out in this Agreement, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, except for the Defendants' obligations under this Agreement, Plaintiffs hereby release, waive, and forever discharge, to the fullest extent permitted by law, Defendants, their affiliates, successors, and assigns, along with its

6

directors, officers, partners, shareholders, owners, employees, and agents (collectively referred to as "Releasees") of and from any and all claims, known or unknown, which Plaintiffs have or may have against Defendants up to and including the date Plaintiffs sign this Agreement, regarding wage and hour violations, including~~, but not limited to,~~ any alleged violation of the Fair Labor Standards Act, the New Jersey Wage and Hour Law, the New Jersey Wage Payment Act, and any other federal, state, local, or other law, rule, regulation, constitution, code, guideline or ordinance regulating wage and hour issues~~, any public policy, contract, tort law or common law, or any statute, common law, agreement, or other basis for seeking or recovering any award of costs, fees, or other expenses, including but not limited to attorneys' fees and/or costs~~.

It is expressly agreed that this release by Plaintiffs shall not apply to: (i) any rights or claims that arise after the date Plaintiffs sign this Agreement; (ii) any rights or claims which are not waivable as a matter of law; or (iii) any claims arising from the breach of this Agreement. In addition, nothing in this Agreement prevents Plaintiffs from filing, cooperating with, or participating in any investigation or proceeding before a government agency, except that Plaintiffs hereby waive their right to any monetary benefits in connection with any such claim, charge, investigation, or proceeding. Plaintiffs hereby represent that they are not aware of any claims they have or might have against any of the Releasees that are not included in this release.

9. **Release by Defendants.** Defendants knowingly and voluntarily release and forever discharge, to the fullest extent permitted by law, Plaintiffs, their successors and heirs, and all of their past, present, and future representatives, agents, or attorneys, of and from any and all claims, known or unknown, which Defendants have or may have against Plaintiffs

up to and including the date Plaintiffs sign this Agreement related to Plaintiffs' employment with Defendants, ~~including, but not limited to, any alleged violation of any federal, state, local, or other law, rule, regulation, constitution, code, guideline or ordinance, any public policy, contract, tort law or common law, or any statute, common law, agreement, or other basis for seeking or recovering any award of costs, fees, or other expenses, including but not limited to attorneys' fees and/or costs~~.

10. **Neutral References.** Defendants agree that, in response to any reference request concerning Plaintiffs, or any of them, Defendants shall only provide the applicable Plaintiffs' dates of employment and job title from his or her employment with Defendants, and shall provide no further information concerning Plaintiffs' employment with Defendants.

11. **No Re-Hire.** Plaintiffs agree that they will not seek or accept employment with Defendants at any time in the future. Plaintiffs agree that if they knowingly or unknowingly apply for a position with Defendants, and are offered or accept a position with Defendants, said offer may be withdrawn or they may be terminated immediately, without notice, cause, or recourse.

12. **Governing Law.** This Agreement is to be construed and governed under the laws of the State of New Jersey, without regard to its choice of law considerations, and shall bind the Parties and their respective heirs, estates, successors, and assigns. If any provision is determined by a court of competent jurisdiction to be invalid or unenforceable, the remaining provisions shall continue in full force and effect notwithstanding. Plaintiffs acknowledge that they have not previously transferred, assigned, or conveyed any right or claim released in this Agreement.

13. **Severability.** Should any part of this Agreement be declared by a court of competent jurisdiction to be illegal or invalid, the remainder of the Agreement shall remain valid and in effect, with the invalid provision deemed to conform to a valid provision most closely approximating the intent of the invalid provision, or, if such conformity is not possible, then the invalid provision shall be deemed not to be a part of the Agreement.

14. **Attorneys' Fees and Costs.** It is further agreed that each party shall bear its own costs and attorneys' fees incurred in negotiating and preparing this Agreement and in connection with the Pending Action, except as otherwise specifically enumerated above.

15. **Voluntary Settlement**. Plaintiffs hereby represent and warrant that they have entered into this Agreement of their own free will and accord.

16. **Venue**. The Parties hereto acknowledge that this Agreement is enforceable only in the federal and state courts of New Jersey. Plaintiffs and Defendants hereby waive any pleas of improper jurisdiction or venue in the United States District Court for the District of New Jersey, and hereby specifically authorize any action brought upon the enforcement of this Agreement to be commenced or filed in any court or agency of proper jurisdiction in the State of New Jersey.

17. **No Other Representations or Agreements**. Each Party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the Parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement.

18. **No Modification Except In Writing**. This Agreement cannot be modified or changed except by a writing, signed by the Parties, with specific reference to this Agreement.

19. **Execution In Counterparts.** This Agreement may be executed in counterparts by each Party, and each executed Agreement, when taken together, shall constitute a complete Agreement.  A copy of a signature shall suffice as an original.

20. **Number.** The use of the singular form of any word herein includes the plural and vice versa.

21. **Plaintiffs understand, represent, and agree that they:**

    a. Have carefully read and fully understand all of the provisions of this Agreement;

    b. Are, through this Agreement, releasing Defendants from any and all claims that Plaintiffs have or may have against Defendants;

    c. Knowingly and voluntarily agree to all of the terms set forth in this Agreement;

    d. Knowingly and voluntarily intend to be legally bound by this Agreement;

    e. Were advised to consider the terms of this Agreement with counsel, and have consulted with counsel prior to executing this Agreement; and

    f. Are duly authorized and have full authority to execute this Agreement.


[SIGNATURES ON THE FOLLOWING PAGE]

Dated: ___ day of _____, 2018

_____
Anthony Salazar

Dated: ___ day of _____, 2018

_____
Margaret Fletcher

Dated: ___ day of _____, 2018

_____
Rachael Fletcher

Dated: ___ day of _____, 2018

Happy & Pepe Corp. d/b/a Planet Wings

_____
By: Luigi Pepe, Owner

Dated: ___ day of _____, 2018

_____
Luigi Pepe a/k/a Louie Pepe

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------------------X
ANTHONY SALAZAR, MARGARET FLETCHER, and
RACHAEL FLETCHER, individually and on behalf of all           Civil Action No.
others similarly situated,                                                          18-cv-00729

                                                                       Plaintiffs,

                                                                       -against-

HAPPY & PEPE CORP. d/b/a PLANET WINGS and LUIGI
PEPE a/k/a LOUIE PEPE,

                                                                      Defendants.
------------------------------------------------------------------------X

## **STIPULATION AND ORDER OF DISCONTINUANCE WITH PREJUDICE**

**WHEREAS,** on January 17, 2018, Plaintiff Anthony Salazar filed a Complaint, which asserts claims for, *inter alia*, minimum wage and overtime violations under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56(a) *et seq.*, and the New Jersey Wage Payment Act, N.J.S.A. 34:11-4.1, *et seq.*;

**WHEREAS,** on April 12, 2018, Plaintiffs filed an Amended Complaint, adding Margaret Fletcher and Rachael Fletcher as plaintiffs;

**WHEREAS,** the parties reached a settlement of this action and have entered into a Settlement Agreement and Release formally memorializing the parties' settlement; and

**IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, counsel for the Parties, and ordered by this Court, that this action be hereby dismissed and discontinued in its entirety, with prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. A copy of the signatures on this Stipulation serve the same purposes as an original signature.

1

Dated: ___ day of _____, 2018

_____  _____

Adam Sackowitz  Mark Tabakman
Katz Melinger PLLC  Fox Rothschild LLP
280 Madison Avenue, Suite 600  49 Market Street
New York, New York 10016  Morristown, New Jersey 07960
(212) 460-0047  (973) 992-4800
ajsackowitz@katzmelinger.com  mtabakman@foxrothschild.com
*Attorneys for Plaintiff*  *Attorneys for Defendants*

So Ordered:

_____

ACTIVE\65606258.v1-9/27/18