UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTHONY SALAZAR, MARGARET FLETCHER, and RACHAEL FLETCHER, *individually and on behalf of all others similarly situated*, | Civil Action No. 18-729 (LDW) **ORDER** |
| Plaintiffs, | |
| v. | |
| HAPPY & PEPE CORP. d/b/a/ PLANET WINGS and LUIGI PEPE, | |
| Defendants. | |

**ORDER GRANTING PLAINTIFFS' MOTION FOR
FINAL SETTLEMENT APPROVAL**

This matter comes before the Court on plaintiffs' motion for final settlement approval. ECF No. 28. The parties have consented to Magistrate Judge jurisdiction. ECF No. 24.

I.    **Background and Procedural History**

1.    The parties' proposed settlement resolves all claims in the action entitled *Salazar. v. Happy & Pepe Corp., d/b/a Planet Wings. et al.*, Civil Action No. 18-cv-729 (LDW), which is currently pending before this Court.

2.    Plaintiffs in this action allege that defendants failed to pay them overtime wages for their time worked in excess of forty hours per week, in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56(a), *et seq.*, and the New Jersey Wage Payment Act, N.J.S.A. 34:11-4.1, *et seq. See* Amended Complaint, ECF No. 15.

3.     On January 17, 2018, plaintiff Anthony Salazar commenced this action as a putative collective action under the FLSA. ECF No. 1. On April 12, 2018, the Complaint was amended to add plaintiffs Margaret Fletcher and Rachel Fletcher (collectively, "Named Plaintiffs"). ECF No. 15.

4.     Defendants filed an Answer and Affirmative Defenses on May 11, 2018, disputing the allegations and denying liability in the proposed collective action.

**III.    Settlement**

5.     The parties appeared for a telephone conference on June 12, 2018, during which they engaged in good faith, arms-length negotiations and ultimately agreed to a full settlement of plaintiffs' claims against defendants on an individual basis, inclusive of attorneys' fees and costs.

6.     The final Settlement Agreement submitted to the Court on October 17, 2018 and modified on November 14, 2018 has been approved by the Court. *See* ECF No. 28.

7.     The parties agreed to settle this case for a total amount of $37,500.00 (the "Settlement Amount"), which covers unpaid wages and liquidated damages for the Named Plaintiffs and attorneys' fees and costs, which sum shall be delivered to plaintiffs' counsel, Katz Melinger PLLC.

**VI.    Final Approval of Settlement**

8.     To approve an FLSA settlement agreement in the Third Circuit, the Court must determine that, "the compromise reached 'is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Brumley v. Camin Cargo Control, Inc.*, Civ. No. 08-

1798 (JLL), 2012 WL 1019337, at *2 (D.N.J. Mar. 26, 2012) (quoting *Lynn's Food Stores. Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982).

9.    In determining whether the compromise resolves a bona fide dispute, the Court must find that the settlement "reflect[s] a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching," and the bona fide dispute must be determined to be one over "factual issues" not "legal issues such as the statute's coverage or applicability." *Id.* (citations omitted).

10.   Here, the settlement resolves a bona fide dispute over whether defendants failed to pay Named Plaintiffs overtime wages for their time worked over forty hours per week.

11.   Further, the proposed settlement is the product of arms-length negotiation between parties represented by competent counsel.  Nothing in the record before the Court indicates that the proposed settlement has been achieved through fraudulent or collusive conduct.

12.   The parties submitted a proposed Settlement Agreement on October 17, 2018.  The Court held a telephone conference on November 7, 2018.    During the conference, the Court requested that counsel address certain issues with respect to the settlement, including the non-disclosure agreement and the scope of the release by the Named Plaintiffs.

13.   In response to the Court's questions, the parties have amended certain language in the non-disclosure agreement in Paragraph 5 and the release provisions in Paragraphs 8 and 9 of the Settlement Agreement, and this language has been submitted and

3

reviewed by the Court. ECF No. 28. The Court finds the release provisions fully comply with applicable law.

14.     Having considered the motion for final settlement approval, and for good cause shown, the Court grants final approval of the settlement memorialized in the Settlement Agreement, as amended (ECF No. 28) and approves the payments to be made to Named Plaintiffs in the amounts stated in the Settlement Agreement.

## IX.    Award of Attorneys' Fees and Costs

15.     Plaintiffs' Counsel seeks $12,281.83 in fees and $654.50 as reimbursement for costs.

16.     Plaintiffs' Counsel did substantial work identifying, investigating, prosecuting, and settling the Named Plaintiffs' claims.

17.     The fees requested represent slightly more than one-third of the total settlement amount, which has been held to be appropriate in this district. *See Brumley*, 2012 WL 1019337, at *12 (collecting cases where attorneys' fees around 30 percent of settlement funds were found reasonable).

18.     Moreover, even if the Court were to assess the reasonableness of Plaintiffs' counsel's fee using the lodestar method, the $12,281.83 fee sought by Plaintiffs' Counsel is less than Plaintiffs' Counsel's "lodestar" amount of $14,000.00.

19.     Plaintiffs' Counsel negotiated a favorable settlement for Named Plaintiffs, in which Named Plaintiffs recovered, an amount more than their alleged compensatory damages, which were strongly contested by defendants at an early stage in the litigation. Moreover, by reaching a settlement with defendants, Named Plaintiffs avoid the risks of

4

either receiving an unfavorable outcome in this matter or, if Named Plaintiffs prevail in their claims, attempting to enforce a judgment against defendants.

20.    The Court finds that the amount of fees requested is fair and reasonable and approves an award of attorneys' fees and costs in the amount of $12,936.33.

## X.    Conclusion and Dismissal

21.    The Court approves the terms and conditions of the Settlement Agreement.

22.    The parties shall proceed with the administration of the settlement in accordance with the terms of the Settlement Agreement.

23.    The entire case is dismissed with prejudice, with each side to bear its own attorneys' fees and costs except as set forth in the Settlement Agreement.

**It is so ORDERED this 27th day of November, 2018.**

Hon. Leda Dunn Wettre
United States Magistrate Judge

5